E-FILED

Thursday, 06 December, 2012  04:04:57 PM

Clerk, U.S. District Court, ILCD

## UNITED STATES  DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| MARILYN J. MCRILL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No.  12-2175 |
| NATIONWIDE CREDIT, INC., | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

Plaintiff Marilyn McRill has filed suit under the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. §§ 1692e-1692f, against Defendant Nationwide Credit, Inc., alleging that Defendant deceptively and unfairly attempted to collect a debt on which the statute of limitations had run.  Plaintiff also seeks certification of a class (#3) of all individuals in Illinois who have received similar collection letters from Defendant.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claim raises a federal question.

In August 2012, Defendant filed a Motion to Dismiss (#16), pursuant to Federal Rule of Civil Procedure 12(b)(6), and Memorandum in Support (#17).  Shortly thereafter, Plaintiff filed her response (#20).  In October 2012, Plaintiff filed a Motion for Leave to Cite Additional Authority (#21), which Defendant opposed (#22).  After reviewing the parties' pleadings and memoranda, the Court recommends that Defendant's Motion to Dismiss **(#16)** and Plaintiff's Motion for Leave to Cite Additional Authority **(#21)** be **DENIED**.

## I.  Background

The Court takes the following background from Plaintiff's First Amended Complaint (#14), accepting all well-pleaded factual allegations as true.  *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).  In March 2012, Defendant sent Plaintiff, an Illinois resident, a letter, seeking to collect a credit card debt on which the Illinois statute of limitations had already run.  The text of the letter provides, in relevant part:

Current Creditor: LVNV Funding LLC
Prior Creditor: GE Capital
NCI Account: [REDACTED]
Merchant Name: Wal-Mart
Account Balance: $942.10
***Save!: $706.57***
Settlement Amount: $235.53

### *Let Us Help You!*

Nationwide Credit, Inc. previously sent you a letter, more than thirty (30) days ago, advising you that your past due account was placed with us for collection. The account balance as of the date of this letter is shown above.

**Use your tax refund to settle this account at a discount off the balance due.**
We are offering you an opportunity to settle this account in full for only **$235.53**, saving you **$706.57** on the balance owed!  This offer is valid for a one-time payment of the settlement amount paid on or before 03/28/2012.  If you make any other payment amount, it will be applied to your account balance.  We are not obligated to renew this settlement offer.

[Description of payment options]

Any amount forgiven as a result of you completing the settlement terms that is greater than or equal to $600.00 may be reported to the Internal Revenue Service and may be taxable income to you.

We look forward to assisting you in resolving this account.

(#14, Exhibit A.)


Plaintiff filed this case in July 2012, alleging that Defendant engaged in unfair and deceptive practices, in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending a collection letter on a time-barred debt without disclosing, one, that the debt was barred by the statute of limitations, or, two, the dates of the transactions giving rise to the debt.  Plaintiff also maintains that the letter's references to "settlement" and the IRS are "contrived to erroneously suggest that the debt could be enforced legally."  (#14, ¶ 21.)

## II.  Legal Standard

Defendant seeks dismissal of Plaintiff's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint, not to decide the merits of the case.  *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings, though it is well-settled that the Court "may consider documents attached to or referenced in the pleading if they are central to the claim."  *See Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012).  The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor.  *AnchorBank*, 649 F.3d at 614.  Importantly, however, the Court does not accept as true mere legal conclusions, unsupported by factual allegations, or "[t]hreadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678.

## III.  Discussion

### A.  The FDCPA

Plaintiff asserts that Defendant engaged in deceptive and unfair debt collection practices, in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f.  The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including "[t]he

false representation of . . . the character, amount or legal status of any debt," § 1692e(2)(A),
"[t]he threat to take any action that cannot legally be taken or that is not intended to be taken,"
§ 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to
collect any debt or to obtain information concerning a consumer," § 1692e(10).[1]  Additionally,
§ 1692f forbids debt collectors from using "unfair or unconscionable means to collect or attempt
to collect any debt."  § 1692f.

When evaluating whether a collection letter is deceptive or unfair, the Court reads the
letter from the perspective of the "unsophisticated consumer," who is "uninformed, naive, and
trusting, but . . . [with] rudimentary knowledge about the financial world, and . . . capable of
making basic logical deductions and inferences."  *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822
(7th Cir. 2012) (citation, internal quotation marks, and alteration omitted); *Ruth v. Triumph
P'ships*, 577 F.3d 790, 800 (7th Cir. 2009); *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754,
765 (7th Cir. 2006) (considering whether "an unsophisticated consumer would view the
collection letter . . . to be unfair or unconscionable"); *Turner v. J.V.D.B. & Assocs., Inc.*,
330 F.3d 991, 997 (7th Cir. 2003) (unsophisticated consumer standard applies to both § 1692e
and § 1692f claims).  Under this objective standard, a debt collector violates § 1692e and §
1692f only if "a significant fraction of the population," not just Plaintiff, would be deceived by
its collection letter or would perceive its collection letter as unfair.  *See Zemeckis v. Global
Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012).

---

[1] Sections 1692e(2), 1692e(5), and 1692e(10) "are simply items in a non-exclusive list of
examples of ways in which the statute can be violated."  *Ruth v. Triumph P'ships*, 577 F.3d 790,
794 n.2 (7th Cir. 2009); *accord Nielsen v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002) ("The
FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading
representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The
statute proceeds to identify sixteen, nonexclusive instances of conduct that would constitute a
violation of this prohibition.").  Moreover, "a plaintiff need not allege a violation of a specific
subsection in order to succeed in a § 1692e case."  *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir.
2012).

4

In the Seventh Circuit, whether an unsophisticated consumer would perceive a collection letter as deceptive or unfair is a question of fact. *See id.* at 636. Importantly, "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan*, 455 F.3d at 759 (internal quotation marks omitted). Accordingly, the Seventh Circuit has directed district courts to exercise caution in dismissing § 1692e and § 1692f claims under Rule 12(b)(6). *See Zemeckis*, 679 F.3d at 636 ("[W]e view the confusing nature of a dunning letter as a question of fact, that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." (citation omitted)); *McMillan*, 455 F.3d at 759 ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion . . . ."). Nonetheless, Courts must dismiss such claims where "it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *See Zemeckis*, 679 F.3d at 636 (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).[2]

---

[2] The Seventh Circuit has determined that "suits alleging deceptive or misleading statements fall into three distinct categories":

> In the first category are cases involving statements that plainly, on their face, are not misleading or deceptive. In these cases, we do not look to extrinsic evidence to determine whether consumers were confused. Instead, we grant dismissal or summary judgment in favor of the defendant based on our own determination that the statement complied with the law. . . . The second category of cases involves statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer. In these cases, we have held that plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive. . . . Not every meritorious FDCPA claim requires such extrinsic evidence, however; some collection notices are clearly misleading on their face. Cases involving plainly deceptive communications fall into a third category, one where we will grant summary judgment for the plaintiffs without requiring them to prove what is already clear.

*Ruth*, 577 F.3d at 800-01. The sole question before this Court, in considering Defendant's motion to dismiss, is whether Plaintiff's case falls into the first category, such that dismissal is appropriate. Thus, the Court need not address, at this point, whether Plaintiff would need to present extrinsic evidence, or could rely on Defendant's letter itself as "plainly deceptive," at the summary judgment stage.

### B.  Arguments of the Parties

Defendant contends that nothing in the FDCPA explicitly prohibits a debt collector from attempting to collect a time-barred debt or requires a debt collector to disclose that a debt is time-barred.  Defendant explains that, in Illinois, as in most states, the running of the statute of limitations on a debt does not extinguish the actual debt but, rather, bars suit to enforce it. Consequently, a debt collector may properly request payment on a debt, even after the statute of limitations has run.  Defendant directs the Court to a number of cases in which courts have held that, because the running of the statute of limitations only limits a debt collector's judicial remedies, attempts to collect time-barred debts do not violate the FDCPA's prohibitions on deceptive and unfair practices, unless the debt collector actually sues the debtor on the time-barred debt, or explicitly or implicitly threatens litigation in a collection letter.  Therefore, Defendant concludes that, because its letter does not threaten litigation, it does not violate the FDCPA.

In response, Plaintiff argues that the letter is deceptive and unfair because, in failing to disclose that the debt is time-barred or the dates of the transactions that gave rise to the debt, the letter creates the appearance that the debt is legally enforceable when it is not.[3]  Plaintiff argues that the cases cited by Defendant have incorrectly limited liability under the FDCPA to efforts to collect a time-barred debt that threaten litigation.  Plaintiff contends the Court should defer, pursuant to *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), or *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), to the Federal Trade Commission's ("the FTC") position that a debt collector's failure to disclose that a debt is time-barred is misleading and deceptive under the FDCPA.  Plaintiff cites a 2010 FTC report, in which the FTC warned that a collection letter that fails to disclose a debt's time-barred status may mislead

---

[3] Plaintiff also argues, in her response, that Defendant's letter is deceptive and unfair because it fails to disclose that a partial payment of a time-barred debt could revive or toll the statute of limitations.  However, Plaintiff does not make this allegation in its Complaint. Therefore, the Court does not consider this argument.  If Plaintiff wishes to add this allegation, Plaintiff is free to move for leave to amend its Complaint, which Defendant may oppose.

consumers, in violation of the FDCPA.  FTC, Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration 26-27 (2010), www.ftc.gov/os/2010/07/debtcollectionreport.pdf.[4]   Plaintiff also brings to the Court's attention several documents regarding a case the FTC brought against a debt collector in early 2012, *United States v. Asset Acceptance, LLC*, No. 12-CV-182 (M.D. Fla.): the complaint, in which the FTC alleged that Asset Acceptance misled and deceived debtors, in violation of § 1692e, when it attempted to collect on time-barred debts without disclosing the debts were time-barred (Appendix A, #20-1, ¶¶ 34, 81-82); the consent decree between the FTC and Asset Acceptance (Appendix C, #20-1); and two FTC news release regarding the Asset Acceptance consent decree (Appendices B, D, #20-1).

## C. Analysis

The Court finds that Plaintiff states plausible claims, under § 1692e and § 1692f, that Defendant's collection letter, which sought to collect Plaintiff's time-barred debt but did not disclose that it was time-barred, or the dates of the transactions giving rise to the debt, was deceptive and unfair.

The principle is well-settled, in Illinois[5] and most other states, that a debt collector may request voluntary payment on a debt, even after the statute of limitations has expired, because the debtor still owes the debt.  The running of the statute of limitations does not extinguish the debt itself but, rather, serves as an affirmative defense against a creditor in a lawsuit to enforce the debt.  *La Pine Scientific Co. v. Lenckos*, 420 N.E.2d 655, 658 (Ill. App. Ct. 1981) ("Statutes of limitation affect the remedy by limiting the period within which legal action may be brought or remedies may be enforced; they bar the right to sue for recovery but do not extinguish the debt

---

[4] Additionally, Plaintiff attaches the FTC's 2010 annual report on the FDCPA. (Appendix E, #20-1.)

[5] The parties agree that Illinois law governs the statute of limitations on Plaintiff's credit card debt.

which remains as before."); *see also Fox v. Heimann*, 872 N.E.2d 126, 137 (Ill. App. Ct. 2007) ("[The expiration of a statute of limitations is an affirmative defense . . . .").

Accordingly, most courts to consider FDCPA claims similar to Plaintiff's have concluded that, because, one, state law permits a debt collector to request payment even after the statute of limitations has run, and, two, the FDCPA does not explicitly require a debt collector to disclose that a debt is time-barred, a debt collector does not violate the FDCPA unless it actually sues on a time-barred debt, *see., e.g.*, *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 875-76 (N.D. Ill. 2009), or sends a collection letter on a time-barred debt that explicitly or implicitly threatens litigation, *see, e.g.*, *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Magee v. Portfolio Recovery Assocs., LLC*, No. 12 C 1624, 2012 WL 3560996, at *3 (N.D. Ill. Aug. 15, 2012); *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 2597933, at *2 (N.D. Ill. July 5, 2012); *Murray v. CCB Credit Servs., Inc.*, No. 04 C 7456, 2004 WL 2943656 at *2 (N.D. Ill. Dec. 15, 2004); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001).  If this Court were to agree that a collection letter on a time-barred debt violates the FDCPA only when it threatens litigation, the Court would, necessarily, dismiss Plaintiff's Complaint for failure to state a claim, as Plaintiff clearly indicates that she does not allege that Defendant's letter threatens litigation, but, rather, that the letter misrepresents Plaintiff's debt as "legally enforceable."  (#20, pp. 7, 10.)

The Court, however, is not bound to follow the reasoning in these decisions and does not here.  First, whether state law permits a debt collection practice does not definitively answer the question of whether the practice is misleading or unfair under federal law.  Second, although Defendant stresses that the FDCPA does not explicitly require a debt collector to disclose a debt's time-barred status, the absence of a specific disclosure requirement does not, in and of itself, resolve this case in Defendant's favor.  Defendant is correct that the FDCPA's disclosure provision, which outlines what a debt collector must disclose in its initial communication with a

debtor, does not require a debt collector to disclose that a debt is time-barred. *See* 15 U.S.C. § 1692g.[6]  However, Plaintiff does not, as Defendant asserts, "impermissibly seek[] to rewrite the FDCPA," (#17, p. 10), by arguing that the language of § 1692g, or any other provision, explicitly requires Defendant to disclose that a debt is time-barred.  Rather, Plaintiff asserts that Defendant's failure to do so is deceptive and unfair within the meaning of § 1692e and § 1692f. Therefore, the fact that no provision of the FDCPA explicitly requires the disclosure of a debt's time-barred status does not, as Defendant argues, doom Plaintiff's claims.  Indeed, a collection letter may deceive and be unfair to an unsophisticated consumer, under § 1692e and § 1692f, by omitting key information about the character of the debt, even where the omission of that information does not violate the disclosure requirements identified in § 1692g. *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004) (where collection letter did not specify that debt consisted of both the original unpaid charges incurred by the debtor and the attorney fees expended in collecting the debt, debtor "might logically assume" that she had incurred the entire amount in charges; "[b]y leaving the door open for this assumption to be made, [the debt collector's] letter was misleading because it gave a false impression of the character of the debt.").[7]

---

[6] As Defendant notes, however, § 1692g would not apply in this case, as the collection letter at issue does not appear to be the initial communication from Defendant to Plaintiff.

[7] Defendant raises the additional argument that, if it disclosed in a collection letter that the debt it sought was time-barred, Defendant would, effectively, be engaging in the practice of law.  The Court, however, does not consider this argument germane to the question before it: how an unsophisticated consumer would perceive Defendant's letter.  Moreover, at this stage, the Court is only concerned with whether Plaintiff's Complaint states a claim, not the considerations that may be weighed in deciding the merits of the case.  Additionally, the Court notes that, although Defendant raises the specter of the practice of law as a reason to dismiss Plaintiff's claim, Defendant's letter already contains a statement that sounds quite a bit like legal advice: "Any amount forgiven as a result of you completing the settlement terms that is greater than or equal to $600.00 may be reported to the Internal Revenue Service and may be taxable income to you."

**1.  § 1692e**

The Court, finding Defendant's arguments to the contrary unpersuasive, agrees with Plaintiff that it is plausible that, even absent a threat of litigation, a collection letter that fails to disclose that a debt is time-barred, or the dates of the transactions giving rise to the debt (which would, at least, give the consumer some idea of how old the debt was), would deceive at least a significant fraction of the population as to the character and legal status of the debt by creating the impression that the debt collector could sue to collect.

The enforcement efforts and reports of the FTC, an agency that "holds some interpretive and enforcement authority with respect to the FDCPA," *Carter v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011),[8] bolster Plaintiff's reasoning.  Where a statute is silent or ambiguous as to a particular issue—here, the FDCPA does not specify whether failing to disclose that a debt is time-barred or the date on which the debt accrued is deceptive or unfair—courts may defer to agency interpretations of the statute.  *See White v. Scibana*, 390 F.3d 997, 1000 (7th Cir. 2004) (quoting *Chevron*, 467 U.S. at 843).  *Chevron* deference, which would require the court to accept the FTC's "interpretation of the statute unless its construction was unreasonable," *see Arobelidze v. Holder*, 653 F.3d 513, 519 (7th Cir. 2011), "is warranted only 'when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority.'" *Gonzales v. Oregon*, 546 U.S. 243, 255-56 (2006) (quoting *United States v. Mead Corp*., 533 U.S. 218, 226-27 (2001)).  If *Chevron* deference does not apply, "the interpretation is 'entitled to respect' only to the extent it has the 'power to persuade.'" *Id.* (quoting *Skidmore*, 323 U.S. at 140)).

The Court does not afford *Chevron* deference to the materials cited by Plaintiff.  The FTC news release, the reports prepared by FTC staff, the complaint in *Asset Acceptance*, and even the consent decree, which was binding on Asset Acceptance only because it agreed to the

---

[8] Congress has charged the newly created Consumer Financial Protection Bureau with rule-making authority regarding the FDCPA.  *See* 15 U.S.C. § 1692l(d).

decree, *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986) ("[I]t is the agreement of the parties, rather than the force of the law upon which the complaint was originally based, that creates the obligations embodied in a consent decree."), do not carry the force of law, as understood by *Chevron*. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000) ("Interpretations such as those in opinion letters-like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law-do not warrant *Chevron*-style deference.").

Nevertheless, the Court deems the FTC's position on the collection of time-barred debts, particularly as articulated in the Asset Acceptance Complaint and the FTC's 2010 report on debt collection practices, to be entitled to respect. *See Skidmore*, 323 U.S. at 140; *accord Carter*, 645 F.3d at 844 (finding letters drafted by staff of FTC's Division of Credit Practices on meaning of FDCPA to be "entitled to respectful consideration"). In the FTC's Complaint against Asset Acceptance, the FTC alleged,

> Many consumers do not know if the accounts that Asset is attempting to collect are beyond the statute of limitations. . . . When Asset contacts consumers to collect on a debt, many consumers believe they could experience serious negative consequences, including being sued, if they fail to pay the debt. . . . If consumers knew, in connection with a past-statute debt, that Asset had no legal means to enforce collection of the debt, . . . some consumers would likely choose not to make a payment . . . .

(Appendix A, #20-1, ¶ 34.)  Likewise, in its report, the FTC reasoned,

> [B]ecause most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, the Commission believes that in many circumstances such a collection attempt may create a misleading impression that the collector can sue the consumer in court to collect the debt, in violation of Section 5 of the FTC Act and Section 807 of the FDCPA [15 U.S.C. § 1692e].  To avoid creating this misleading impression, collectors would need to disclose clearly and prominently to consumers before seeking payment on such time-barred debt that, because of the passage of time, they can no longer sue in court to collect the debt or otherwise compel payment.

FTC, REPAIRING A BROKEN SYSTEM: PROTECTING CONSUMERS IN DEBT COLLECTION LITIGATION AND ARBITRATION 26-27 (2010), www.ftc.gov/os/2010/07/debtcollectionreport.pdf (footnote omitted).

2:12-cv-02175-CSB-DGB   # 24   Page 12 of 14

The Court finds convincing the FTC's position that, in failing disclose that a debt is time-barred, a debt collector "may create a misleading impression that the collector can sue the consumer in court to collect the debt, in violation of . . . Section 807 of the FDCPA." *Id.*  The FTC provides a reasoned explanation of how an unsophisticated consumer would perceive a collection letter like the one Plaintiff received from Defendant: absent a clear disclosure that the debt collector cannot sue the consumer in court, many consumers might believe that they will face "serious negative consequences," like being sued, if they do not pay the debt.  Particularly in light of the Seventh Circuit's warning that district courts are poor proxies for the unsophisticated consumer, *see McMillan*, 455 F.3d at 759, the Court finds deference especially appropriate here, as the FTC is more experienced in consumer attitudes and perceptions than this Court.  Furthermore, the FTC's position simply makes sense: it is no stretch of logic to reason that, if a consumer knew Defendant could not sue her on a time-barred debt, she might choose to pay a more pressing bill than the old credit card debt on which Defendant dunned her.

The Court, therefore, concludes that, even absent a threat of litigation, an unsophisticated consumer could be deceived by Defendant's failure to disclose, one, that the debt it seeks is time-barred or, two, the dates of the transactions giving rise to the debt, because Defendant's failure to disclose this information creates the impression that Defendant could sue to collect on the debt.[9]

---

[9] As to Plaintiff's contention that Defendant's offer of settlement and reference to the IRS "exacerbate" Defendant's nondisclosure, there is nothing inherently misleading or deceptive about the letter's offer of settlement and IRS allusion.  Indeed, the Seventh Circuit has determined that offers of settlement in collection letters comply with the FDCPA.  *See Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007).  Rather, the reason that Defendant's letter, as a whole, is deceptive and misleading is because it fails to disclose the debt's time-barred status or the dates on the which the debt accrued.  The plausibility of Plaintiff's claim does not hinge on the "exacerbation" of this nondisclosure by the letter's references to settlement and the IRS.

**2.  § 1692f**

Plaintiff also states a plausible claim under § 1692f[10] that Defendant's collection letter was an "unfair or unconscionable means to collect or attempt to collect any debt."  § 1692f.  The Seventh Circuit has been careful to note that the fact that a letter violates § 1692e does not, necessarily, mean that the letter constitutes an unfair or unconscionable means of collecting a debt under § 1692f.  *See Turner*, 330 F.3d at 998 (finding that debt collector's letter, which requested payment on a debt that had been discharged in bankruptcy, was deceptive under § 1692e but not unfair or unconscionable under § 1692f).  Nevertheless, in *Fields*, decided after *Turner*, the Seventh Circuit determined that the plaintiff stated claims that a collection letter, which failed to disclose that part of the debt requested was for attorney fees expended in collecting the debt, was both misleading under § 1692e and unfair under § 1692f, because "[i]t is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt."  *Fields*, 383 F.3d at 566.  Here, Plaintiff states a plausible § 1692f claim that it is unfair to the unsophisticated consumer to hide that a debt is time-barred, because this knowledge would be important to the consumer in determining whether to pay the debt.

### IV.  Plaintiff's Motion for Leave to Cite Additional Authority

Finally, Plaintiff also filed a Motion for Leave to Cite Additional Authority (#21), in which she asks the Court to consider several consent decrees in cases brought by the Consumer Financial Protection Bureau against American Express.  Importantly, the Consumer Financial Protection Bureau did not bring those cases under the FDCPA, but rather under other federal consumer protection laws.  The Court does not see their relevance to this case and did not consider them in ruling on Defendant's Motion to Dismiss.  Therefore, the Court recommends that Plaintiff's Motion for Leave (#21) be denied.

---

[10] The parties dedicate most of their briefing to Plaintiff's claim under § 1692e and do not specifically analyze whether Defendant's collection letter violated § 1692f.

13

## V.  Summary

For the reasons stated above, the Court recommends that Defendant's Motion to Dismiss **(#16)** and Plaintiff's Motion for Leave to Cite Additional Authority **(#21)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 6th day of December, 2012.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE

14